# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARLENE WILLIAMS HICKMAN,
          Appellant,

vs.

MARVIN L. HICKMAN,
          Respondent.

No. 68468

**FILED**

APR 0 1 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER DISMISSING APPEAL*

This is an appeal from a decree of divorce. Eighth Judicial District Court, Family Court Division, Clark County; Charles J. Hoskin, Judge.

When our initial review of the docketing statement and other documents before this court revealed potential jurisdictional defects, we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Specifically, it was not clear whether the decree resolved all of the claims and issues raised in the district court such that it was appealable as a final judgment under NRAP 3A(b)(1). If the decree was a final judgment, it appeared that the notice of appeal was prematurely filed after a tolling motion was timely filed in the district court on July 9, 2015, but before the tolling motion was formally resolved, and that the tolling motion remained pending in the district court. *See* NRAP 4(a)(6).

In response to our order, appellant asserts that the decree was the final judgment. She also appears to assert that the July 9, 2015, motion is not a tolling motion because motions for reconsideration do not toll the time to file a notice of appeal.

16-10301

Assuming that the decree was the final judgment, the July 9, 2015, motion to alter or amend, or in the alternative for reconsideration—which also sought a new trial under NRCP 59—was a tolling motion. *See* NRAP 4(a)(4) (identifying a motion to alter or amend the judgment and a motion for a new trial as tolling motions); *see also AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 585 245 P.3d 1190, 1195 (2010) (laying out circumstances under which a motion for reconsideration is considered a tolling motion). The motion was timely filed after service of notice of entry of the divorce decree on June 25, 2015. Appellant does not assert that the motion has been resolved and it appears from the documents before this court that the motion remains pending in the district court.[1] Accordingly, it appears that the notice of appeal was prematurely filed before entry of an order resolving the timely tolling motion and this court lacks jurisdiction. *See* NRAP 4(a)(6) ("A premature notice of appeal does not divest the district court of jurisdiction."). We thus

ORDER this appeal DISMISSED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

---

[1]Appellant represents that the motion was "vacated" via a minute order for lack of jurisdiction due to the pending appeal. Such a minute order is without effect. *See Div. of Child and Family Servs. v. Eighth Judicial Dist. Court*, 120 Nev. 445, 92 P.3d 1239 (2004).

cc: Hon. Charles J. Hoskin, District Judge, Family Court Division
Ara H. Shirinian, Settlement Judge
Thomas Michaelides
Kainen Law Group
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A